D. Maimon Kirschenbaum
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| **FRANK SMITH and GREGORY WHITE, on behalf of themselves and others similarly situated,** | **CASE NO.** |
| **Plaintiffs,** | **COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **HOST RG 54, LLC, CURT HUEGEL, SEAN RYAN, and JOHNATHAN LEEDER,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

-----------------------------------------------------------x

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Host RG 54, LLC is a New York corporation that owns Bill's Townhouse ("Bill's Townhouse" or the "Restaurant"), a restaurant and bar located at 57 East 54th Street in midtown Manhattan, New York.

4.      Defendant Host RG 54, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant Host RG 54, LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

5.      Defendant Curt Huegel is an owner of Host RG 54, LLC and Bill's Townhouse.

6.      Bill's Townhouse is owned and operated by Mr. Huegel.

7.      Mr. Huegel exercises sufficient control of the Restaurant's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

8.      Defendant Huegel has and has exercised the power to hire and fire the Restaurant's employees.

9.      For example, Defendant Huegel participated in the decision to hire Plaintiff Smith and the decision to terminate Plaintiff White's employment.

10.     Defendant Huegel has authority over Restaurant employees' rates of pay.

11.     To the extent that employment records are kept for employees, Defendant Huegel is involved in maintaining those records.

12. Defendant Sean Ryan is the Director of Operations of Bill's Townhouse.

13. Defendant Ryan exercises sufficient control of the Restaurant's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

14. Defendant Ryan has and has exercised the power to hire and fire the Restaurant's employees.

15. For example, Defendant Ryan participated in the decision to terminate Plaintiff White's employment.

16. Defendant Ryan has authority over Restaurant employees' rates of pay.

17. To the extent that employment records are kept for employees, Defendant Ryan is involved in maintaining those records.

18. Defendant Johnathan Leeder is the General Manager of Bill's Townhouse.

19. Defendant Leeder exercises sufficient control of the Restaurant's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

20. Defendant Leeder has and has exercised the power to hire and fire the Restaurant's employees.

21. For example, Defendant Leeder participated in the decision to hire Plaintiff Smith and the decision to terminate Plaintiff White's employment.

22. Defendant Leeder has authority over Restaurant employees' rates of pay.

23. To the extent that employment records are kept for employees, Defendant Ryan is involved in maintaining those records.

24. Plaintiff Frank Smith was employed by Defendants as a bartender at Bill's Townhouse from approximately April 2016 to May 2017.

25. Plaintiff Gregory White was employed by Defendants as a bartender at Bill's

Townhouse from approximately April 2016 to January 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants at Bill's Townhouse on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

27. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and the legally required overtime wages for all hours worked in excess of 40 per week. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

29. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of

Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants at Bill's Townhouse on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

30. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

31. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than eighty (80) members of the Class.

32. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum and overtime wages owed, and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages

arising from the same unlawful policies, practices and procedures.

33. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common,

class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

   c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiffs and the Class members at all.

   d) Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage for all hours worked.

   e) Whether Defendants paid Plaintiffs and the Class members the appropriate overtime wage for all overtime hours worked.

  f) Whether Defendants gave Plaintiffs and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

### Wage and Hour Allegations

37. Plaintiffs' Consent to Sue forms are attached hereto as Exhibit A.

38. Defendants committed the following acts knowingly, intentionally, and willfully.

39. Plaintiffs worked at Bill's Townhouse as bartenders.

40. Defendants compensated Plaintiffs at an hourly rate that is less than the minimum wage.

41. Plaintiffs were in fact generally paid an amount equal to the "tip credit" minimum wage under the New York Labor Law ("NYLL").

42. Defendants were not entitled to utilize the tip credits set forth under the FLSA and New York Labor Law, because they did not give Plaintiffs the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

43. Defendants did not properly inform Plaintiffs of the nature of the full minimum wage and applicable tip credits.

44. Plaintiffs at times worked more than 40 hours per week at the tip credit overtime rate. Because the Defendants were not entitled to utilize any tip credits against the minimum wage owed Plaintiffs, they also were not entitled to pay Plaintiffs overtime at the tip credit overtime rates.

45. Defendants at times failed to pay Plaintiffs the required minimum and overtime

wages for all hours worked.

46. Specifically, Defendants had a policy under which Plaintiffs and other service staff would not be paid for those hours worked during those shifts when they did not "clock out" at the end of the shift.

47. Plaintiffs' weekly wage statements did not include all of their hours worked as required by N.Y. Lab. Law § 195.

48. Until approximately January 2017, Plaintiffs' weekly wage statements did not inform Plaintiffs of the amount of the tip credit taken by Defendants, as required by New York law.

49. Defendants committed the foregoing acts willfully and against Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

### Additional Allegations

50. In or about mid-January 2017, Plaintiffs complained to Defendant Leeder that they had not been paid for certain shifts they had worked.

51. Plaintiffs also requested information from Defendant Leeder as to the distribution of tips among the service staff.

52. Defendant Leeder refused to provide the tip distribution documentation.

53. Plaintiffs further complained to Defendant Leeder about the participation of a hostess in the bar tip pool, which they believed in good faith to be unlawful because they had not agreed to the arrangement.

54. Shortly thereafter, Plaintiffs contacted the New York State Department of Labor to complain about these practices.

55. In late January 2017, Defendants retaliated against Plaintiffs for making these

complaints by terminating Plaintiff White's employment and cutting Plaintiff Smith's hours.

56. Defendant Leeder terminated Plaintiff White's employment.

57. Defendant Leeder informed Plaintiff White that Defendants Huegel and Ryan were consulted about and authorized the decision to terminate Plaintiff White.

58. In or about mid-February 2017, Plaintiff Smith filed a formal complaint against Defendants with the New York State Department of Labor in which he complained that Defendants did not maintain tip distribution records as required by New York law.

59. In late February 2017, Plaintiff Smith was informed by the New York State Department of Labor that his case had been assigned to an investigator who would be making an unannounced visit to Bill's Townhouse at some point in the next few months.

60. In May 2017, Defendants terminated Plaintiff Smith's employment in retaliation for his complaints about their wage and recordkeeping practices.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

61. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

62. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

63. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour

worked.

64. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### (Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

65. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

67. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs at times worked in excess of forty (40) hours per workweek and continue to do so.

68. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plainitffs at one-and-one-half times the greater of the minimum wage or their regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA

even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

69. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650** *et seq.*
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

70. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71. Defendants knowingly paid the Plaintiffs and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

72. Defendants did not pay Plaintiffs and members of the Class minimum wage for all hours worked.

73. Defendants' failure to pay Plaintiffs and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York Overtime Violations
### New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.,*
### N.Y. Comp. Codes R. & Regs. Tit. 12, 146-1.4
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

75. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

76. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

77. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

78. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

79. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

80. Defendants did not provide Plaintiffs and the members of the Class with accurate notices/wage statements required by N.Y. Lab. Law § 195.

81. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be

determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SEVENTH CLAIM FOR RELEIF
### FLSA Retaliation, 29 U.S.C. § 215
### (Brought by Plaintiffs)

82. Plaintiffs incorporate and realleges each preceding paragraph as though set forth in full herein.

83. Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaints regarding unpaid wages, tip distribution, and Defendants' failure to maintain/provide them with access to required records.

84. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

85. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### EIGHTH CLAIM FOR RELEIF
### NYLL Retaliation, N.Y. Lab. L. § 215
### (Brought by Plaintiffs)

86. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

87. Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaints regarding unpaid wages, tip distribution, and Defendants' failure to maintain/provide them with access to required records.

88. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

89. Defendants' conduct violated the New York Labor Law § 215.

90. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23.

E. Designation of Plaintiffs as Representatives of the Class.

F. An award of damages, according to proof, including liquidated damages and punitive damages, to be paid by Defendants;

G.     Penalties available under applicable laws;

H.     Costs of action incurred herein, including expert fees;

I.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J.     Pre-judgment and post-judgment interest, as provided by law; and

K.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  April 17, 2018
New York, NY                          **JOSEPH & KIRSCHENBAUM LLP**

/s/*Lucas C. Buzzard*_____
Lucas C. Buzzard
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

*Attorneys for the Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.