UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

FRANK SMITH and GREGORY WHILE
on behalf of themselves and all others
similarly situated,

                        Plaintiffs,

            -against-

HOST RG 54 LLC, CURT HUEGEL, SEAN RYAN
and JOHNATHAN LEEDER,

                        Defendants.

-----------------------------------------------------------------x

Docket No. 18-CV-03331 (VEC)(BCM)

**STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2018
```

      IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:  New York, New York
       November___, 2018

Davidoff Hutcher & Citron LLP
Attorneys for Defendants

By: _____
    Mark E. Spund

605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200
mes@dhclegal.com

Joseph & Kirschenbaum LLP
Attorneys for Plaintiffs

By: _____
    Lucas C. Buzzard

32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640
Lucas@jk-llp.com

In addition to the foregoing, the terms of the attached settlement agreement are hereby approved as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

The Clerk of Court is respectfully directed to terminate all open motions and to close the case.

SO ORDERED.     Date: 12/22/2018

_____
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FRANK SMITH and GREGORY WHILE
on behalf of themselves and all others
similarly situated,

Docket No. 18-CV-03331 (VEC)(BCM)

**SETTLEMENT AGREEMENT
AND GENERAL RELEASE**

Plaintiffs,

-against-

HOST RG 54 LLC, CURT HUEGEL, SEAN RYAN
and JOHNATHAN LEEDER,

Defendants.

-------------------------------------------------------------------x

This Settlement Agreement and Release (the "Agreement") is entered into by and between defendants Host RG 54 LLC and its parents, affiliates and subsidiaries ("Host"), Curt Huegel ("Huegel"), Sean Ryan ("Ryan"), and Johnathan Leeder ("Leeder') (collectively, "Defendants"), and Frank Smith and Gregory White (together, "Plaintiffs") in the matter *Frank Smith and Gregory White et. al. v. Host RG54, LLD Curt Huegel, Sean Ryan and Johnathan Leeder,* Docket No. 18 cv 3331(VEC). Defendants and Plaintiffs are sometimes referred to throughout as the "Parties," and each a "Party."

WHEREAS, Plaintiffs allege that they are former employees of Defendants; and

WHEREAS, a dispute has arisen regarding Plaintiffs' employment, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York before Hon. Valerie E. Caproni, U.S.D.J. (the "Court") captioned *Frank Smith and Gregory White et. al. v. Host RG54, LLD Curt Huegel, Sean Ryan and Johnathan Leeder,* Docket No. 18 cv 3331(VEC) (the "Litigation"), in which Plaintiffs have alleged, among other things, violations of federal and state wage and hour and overtime laws; and

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties participated in court referenced mediation before mediator Christopher D'Angelo, Esq. on October 16, 2018, at which the Parties reached an agreement in principal to settle the Litigation as to each of the plaintiffs; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Effective Date:** This Agreement shall become effective ten (10) days after the date it is approved by the Court (the "Effective Date").

2. **Consideration:** For and in consideration of the Promises made by Plaintiffs in this Agreement, Defendants shall pay or cause to be paid to Plaintiffs or their agents or attorneys, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of all claims that Plaintiffs have or could have asserted in the Litigation or otherwise against Defendants through the Effective Date of this Agreement, including but not limited to all claims for attorney's fees and costs by Plaintiffs, the gross sum of thirty-five thousand dollars ($35,000.00) (the "Settlement Amount"), within ten days (10) after the Effective Date (the "Payment Deadline") payable as follows: $12,500.00 payable to each Plaintiff and $10,000.00 payable to "Joseph & Kirschenbaum LLP". Payments of that portion of the Settlement Amount payable to Plaintiffs shall be made payable to "Joseph & Kirschenbaum LLP, as Attorneys for Plaintiffs" and the payment to counsel shall be made payable solely to "Joseph & Kirschenbaum LLP". Settlement checks issued to Plaintiffs shall be allocated as forty-five percent (45%) wage payments subject to withholdings, and as fifty-five percent (55%) 1099 non-wage compensation, including interest and penalties.). Attorney's fees shall be designated as 1099 payments and Plaintiffs' counsel will provide Defendants' counsel with IRS Forms W-9.

In the event that the full Settlement Amount is not received by Joseph & Kirschenbaum LLP on or before the Payment Deadline, Plaintiffs shall serve a written notice (the "Default Notice") upon counsel for Defendants by email and overnight carrier, and the Defendants shall have ten (10) days from the date on which the Default Notice is sent to cure such default. Upon Defendants' failure to cure a default within ten (10) days from the date on which the Default Notice is sent, counsel for Plaintiffs may immediately notify the Court of Defendants' breach and failure to cure and shall be entitled to enter judgment against Defendants in the sum of $35,000 and can use all legal avenues to obtain reasonable attorneys' fees, costs, collection fees and expenses incurred by Plaintiffs' counsel to be fully reimbursed by the Defendants.

Plaintiffs shall be solely responsible for any taxes resulting from their receipt of the Settlement Amount, and in the event of an audit of Defendants by any taxing authority regarding payment of the Settlement Amount to Plaintiffs, the issuance of a form 1099, or as a result of Plaintiff's failure to pay any taxes related to the Settlement Amount, excluding payments Defendants may be required to make arising from Defendants' share of Employer Payroll Taxes. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorney's fees and/or judgments that may be incurred by Defendants resulting from payment of the Settlement Amount to Plaintiffs pursuant to the terms of this Agreement.

3. **Release and Covenant Not To Sue:** Plaintiffs hereby irrevocably and unconditionally release and forever discharge Defendants, their affiliates, parent organizations,

631538v.2
633836v.1

subsidiaries, directors and managers and any present and former officers, directors and employees (the "Releasees") from any and all claims pursuant to the Fair Labor Standards Act 29 U.S.C. § 201, et. seq., New York State Labor Law §§ 191 et seq, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs, alleged in this Litigation. Nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce the terms of this Agreement.

4. **Full Settlement and Release:** Plaintiffs represent and acknowledge that the amounts set forth in paragraph 1 above (i) represent full payments of back pay, wages or salary, or compensation of any kind whatsoever (inclusive of interest, statutory and liquidated damages and attorneys' fees and costs) which are due Plaintiffs, (ii) are specifically payments made in full satisfaction of such claims, and (iii) is for their promises under this Agreement to release the claims specified in paragraph 3. Plaintiffs specifically acknowledge that upon receipt of the settlement amount, plaintiffs are not entitled to any additional payment for wages, penalties or other compensation from defendants.

5. **Non-Cooperation/Covenant Not to Sue.** Plaintiffs agree that they will not individually or collectively encourage or cooperate or otherwise participate or confer with any current or former employees of Defendants to commence any legal action or make any claim against Defendants or any other Releasees with respect to such person's employment with Defendants or any other Releasees. Plaintiffs further covenant and agree that they will not file or knowingly permit to be filed any lawsuits at any time hereafter with respect to the subject matter of this Agreement and claims released pursuant to this Agreement, except as to enforce this Agreement. Nothing in this Agreement shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission or a comparable federal, state or local agency. This provision shall not in any way prevent Plaintiffs from disclosing any information to their attorneys, or in response to a lawful subpoena or court order requiring disclosure of information.

The Parties understand, covenant, and agree that the obligations set forth in Paragraph 5 of this Agreement are continuing, absolute, and binding, and the terms are not to be violated either directly or indirectly.

6. **Confidentiality:** Plaintiffs agree that, in the event either of them are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to Defendants, their prior employment with Defendants, or to any subject matter relevant to the Litigation and/or the settlement of the Litigation, Plaintiffs will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

7. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

8. **Approval of Settlement and Dismissal of Pending Action:** For and in consideration of Defendants' payment of the Settlement Amount to Plaintiffs, and the terms and

631538v.2
633836v.1

conditions elsewhere in this Agreement, Plaintiffs agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Litigation; and (2) not to re-file these causes of action, or any other causes of action against Defendants whatsoever, including, but not limited to, those arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Litigation.

On or before November 19, 2019, counsel for the parties will file with the Court through the ECF portal a joint letter motion together with a copy of this Agreement requesting that the Court approve this Settlement Agreement. This Agreement will become effective ten (10) days after approval by the Court and payment of the Settlement Amount shall be made pursuant to paragraph 2 of this Agreement.

9. **Mutual Non-Disparagement:** The Parties agree that they will not engage in any conduct that is injurious to the reputation and interests of any other Party, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the Litigation and the settlement of the Litigation. In response to any request by a prospective employer for a recommendation relating to either Plaintiff, Defendants shall inform the prospective employer of the Plaintiff's position and dates of employment and shall otherwise inform the prospective employer that it is Defendants' policy not to release further information.

10. **No Future Employment:** It is agreed that the employee-employer relationship between Plaintiffs and Defendants ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs, or any of them have or may have had against Defendants. It is further understood should Plaintiffs, or any of them, again apply to work for Defendants, in any capacity, Defendants, based on this clause, may deny such Plaintiffs employment for any positions that Plaintiffs seek, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that neither Plaintiff will seek employment with Defendants after the execution of this Agreement.

11. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

12. **Acknowledgment:** It is further understood and agreed that the sum of thirty-five thousand dollars ($35,000.00) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiffs hereby represent and warrant that they entered into this Agreement of their own free will and accord, and in accordance with their own judgment. Plaintiffs further acknowledge they have been fully and fairly represented by counsel in this matter. Plaintiffs, after consultation with their attorney, Luas C. Buzzard, Esq., hereby state that they and their counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact, or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiffs specifically

acknowledge that the Parties jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13. **Notices**: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and email transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

> Luas C. Buzzard, Esq.
> Joseph & Kirschenbaum LLP
> 32 Broadway, Suite 601
> New York, New York 10004
> lucas@jk-llp.com

To Defendants:

> Mark Spund, Esq.
> Davidoff Hutcher & Citron LLP
> 605 Third Avenue, 34th Floor
> New York, New York 10158
> mes@dhclegal.com

14. **Governing Law and Venue**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

15. **Enforceability**: If any provision of this Agreement is held to be illegal, void, or unenforceable other than any part of Paragraph 3 of this Agreement "Release and Covenant Not to Sue," such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

16. **Status of Settlement If Case Is Not Ultimately Dismissed**: In the event the Court fails to approve the settlement terms set forth in this Agreement and dismiss the Litigation with prejudice as contemplated by this Agreement or in the event the Plaintiffs fail to execute this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

17.     **Release Notification:** Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Luas C. Buzzard, Esq. of Joseph & Kirschenbaum LLP, Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that both of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.

18.     **Counterparts:** To signify their agreement to the terms of this Agreement and General Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.

19.     **Waiver:** By signing this Agreement, Plaintiffs acknowledge that they:

- HAVE CAREFULLY READ, AND UNDERSTAND, THIS AGREEMENT;

- HAVE BEEN GIVEN A REASONABLE TIME TO CONSIDER THEIR RIGHTS AND OBLIGATIONS UNDER THIS AGREEMENT AND HAVE CONSULTED WITH AN ATTORNEY AND/OR ANY OTHER ADVISORS OF THEIR CHOICE AND DISCUSSED IT WITH THEM BEFORE THEY SIGNED THIS AGREEMENT;

- UNDERSTAND THAT THIS AGREEMENT IS LEGALLY BINDING AND BY SIGNING IT THEY GIVE UP CERTAIN RIGHTS;

- HAVE VOLUNTARILY CHOSEN TO ENTER INTO THIS AGREEMENT AND HAVE NOT BEEN FORCED OR PRESSURED IN ANY WAY TO SIGN IT;AND

- HAVE NOT RELIED UPON ANY REPRESENTATION, STATEMENT, OR OMISSION MADE BY ANY OF THE DEFENDANTS' AGENTS, ATTORNEYS OR REPRESENTATIVES WITH REGARD TO THE SUBJECT MATTER, BASIS, OR EFFECT OF THIS AGREEMENT OR OTHERWISE, OTHER THAN THOSE EXPRESSLY STATED IN THIS AGREEMENT.

**THE BALANCE OF THIS PAGE IS LEFT INTENTIONALLY BLANK**

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 12.13.18

_____
**FRANK SMITH**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF New York )

On ~~October~~ December 13, 2018 before me personally came to me **FRANK SMITH** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

CARLORA TURNQUEST
Notary Public, State of New York
No. 01TU6266373
Qualified in New York County
Commission Expires September 2, 2020

Dated: _____

_____
**GREGORY WHITE**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF          )

On October___, 2018 before me personally came to me **GREGORY WHITE** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

631538v.2
633836v.1

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____    _____

**FRANK SMITH**

STATE OF NEW YORK  )
                                  )SS.:
COUNTY OF              )

On October___, 2018 before me personally came to me **FRANK SMITH** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: __12-18-18__    _____
**GREGORY WHITE**

STATE OF NEW YORK  )
                                  )SS.:
COUNTY OF              )

On December 18, 2018 before me personally came to me **GREGORY WHITE** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

JANA E. CARLSON
Notary Public, State of New York
No. 01CA6073251
Qualified in New York County
Commission Expires February 18, _____

631538v.2
633836v.1

Dated: 12-17-18

_____
Curt Huegel, individually and as Owner and President of HOST RG 54 LLC

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On December 17, 2018 before me personally came to me Curt Huegel known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of HOST RG 54 LLC, and duly acknowledged to me that he executed the same.

_____
Notary Public

[Stamp: RICHARD HEMMINGS, Notary Public – State of New York, NO. 01HE6363537, Qualified in Nassau County, My Commission Expires Aug 21, 2021]

Dated: 12·17·18

_____
**CURT HUEGEL**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On December 17, 2018 before me personally came to me **CURT HUEGEL** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

[Stamps: RICHARD HEMMINGS, Notary Public – State of New York, NO. 01HE6363537, Qualified in Nassau County, My Commission Expires Aug 21, 2021]

_____
Notary Public

Dated: 12/14/18

_____
**SEAN RYAN**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF NEW YORK )

On Dec 14th, 2018 before me personally came to me **SEAN RYAN** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

[Stamp: GEORGINA T MAN, Notary Public - State of New York, NO. 01MA6233966, Qualified in Queens County, My Commission Expires 01/03/2019]

631538v.2
633836v.1

Dated: 12·17·18

J. Leeder

**JOHNATHAN LEEDER**

STATE OF NEW YORK )
                  )SS.:
COUNTY OF New York )

On ~~October~~ December 17, 2018 before me personally came to me **JOHNATHAN LEEDER** known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

ANTHONY M. ARLOTTA
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in New York County
01AR6375854
MY COMMISSION EXPIRES 05/29/2022

631538v.2
633836v.1